Dockray v. Dunn.

---

### DOCKRAY *versus* DUNN.

A negotiable note given by defendant, for which he received one of the same amount, is made upon a good consideration, and its payment cannot be avoided, though it came into the hands of the plaintiff after its maturity.

The presentment of a note at the place where it is made payable on a day certain, is not a prerequisite to the maintenance of an action thereon.

ON EXCEPTIONS from *Nisi Prius*, WELLS, J., presiding.

ASSUMPSIT, on a note payable to order of Longley & Co., at the Suffolk Bank, in one month after date.

The defence was, that it was an accommodation note, and that it was never presented at the Suffolk Bank.

One of the payees testified, that the only consideration for the note in suit, was one given by them to defendant for the same amount, on the same time; and that defendant let him have it as an accommodation note, for which he had

never paid him any thing. When the note was due the defendant furnished him with funds to pay it, and he called at the bank, but it was not there, and he appropriated the funds to some other purpose. The note, before it was due, was by him negotiated to one Jewett, as *collateral security*.

The defendant offered to prove that the note came into the hands of plaintiff when it was over due, but the presiding Judge ruled that the testimony in the case, and that offered, would not constitute a defence, and the defendant was defaulted. If the ruling was wrong, the default is to be taken off, and the action to stand for trial.

*Shepley & Dana,* for defendant.

*Willis & Fessenden,* for plaintiff.

CUTTING, J. — The note produced and read to the jury made a *prima facie* case for the plaintiff.

The defendant then offered in evidence the deposition of Benjamin Longley, a member of the firm of Longley & Co., the payees and indorsers of the note. This testimony, if admissible, and that rejected, if admitted, do not constitute a defence. The consideration for the note was another of like amount and date, signed by the witness, and payable to the defendant, and which of the parties was most accommodated at *that* time, does not appear. The note, soon after its execution, was indorsed to Luther Jewett, as collateral security for a preëxisting debt, and by him transferred to the plaintiff after its maturity. The note never was presented at the Suffolk Bank, when and where payable, and where the witness, with funds furnished by the defendant, called to pay it.

Upon this evidence, it is contended, in argument, that the note was an accommodation note; and it is true that the witness so swears, but the facts disclosed show it to be otherwise. An exchange of notes may have been accommodating, but such a transaction constitutes none of the elements of accommodation paper in the mercantile sense of that term. A mutual independant promise, in writing, is

a good consideration to uphold the contract of each, and it may be enforced, even by the original party, or discharged by way of set-off, when duly filed.

It is further contended, that the defendant is discharged, by reason of the note not having been presented for payment at the Suffolk Bank. It has been otherwise settled in this State, in *Bacon* v. *Dyer*, 12 Maine, 19, re-affirmed in *McKenney* v. *Whipple*, 21 Maine, 98, and in *Gammon* v. *Everett*, 25 Maine, 66.

According to the agreement of the parties the default is to stand.

SHEPLEY, C. J., HOWARD, HATHAWAY and RICE, J. J., concurred.